EDWARD E. CHAMPLIN *vs.* HARRY TANGER.

JANUARY 6, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J.   This is an action of deceit which was tried to a justice of the superior court sitting without a jury and resulted in a decision for the plaintiff. The case is here on defendant's exception to that decision.

Under his exception defendant presses but one contention, namely, that the trial justice's decision is against the evidence. The one point in the case is, as stated in his brief, "did the defendant with knowledge of its falsity, make a false representation of a material fact for the purpose of inducing the plaintiff to act upon the representation, and did he rely and act upon it to his damage? If the answer is in the affirmative, the law seems quite clear that the plaintiff should recover."

The trial justice apparently was of the opinion that, on the evidence, the above question should be answered in the affirmative and he found for the plaintiff. His decision, which was delivered from the bench immediately upon the conclusion of the evidence, is indeed couched in language of the utmost brevity, but it as clearly reflects his judgment upon the weight and credibility of the defendant's testimony as if he had commented at greater length. He said: "The defendant denies everything. He doesn't owe a cent. Decision for the plaintiff for $345.00." The obvious irony of the second sentence, appearing as it does between the other two, speaks volumes for the trial justice's view of the defendant's credibility.

We have carefully read the transcript and we cannot say that the trial justice was clearly wrong either in that view or in his final conclusion that defendant was guilty of deceit. From the evidence, which consists solely of testimony of defendant on the one side and plaintiff and a corroborating witness on the other, it could reasonably be found that defendant had falsely represented his financial condition to the plaintiff; that the latter relied upon such false represen-

tations; and that, to his damage, he extended credit to the defendant. Under the well-established rule in cases of this kind we cannot disturb the trial justice's decision.

Defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*William H. Leslie, Jr.*, for plaintiff.

*Isadore S. Horenstein,* for defendant.